Opinion issued June 16, 2005.









     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01336-CV




TODOR SPASSOV BLAGOEV, Appellant

V.

RASHELL MCNEIL HINDERMAN AND WILLIE J. MCNEIL, Appellees




On Appeal from the County Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 773,473




MEMORANDUM OPINION

          In this personal injury case, appellant, Todor Spassov Blagoev, challenges a
take-nothing judgment rendered in favor of the appellees, Rashell McNeil Hinderman
and Willie J. McNeil. In three issues, Blagoev contends that (1) the trial court erred
in applying a contributory negligence theory because contributory negligence is an
affirmative defense that must be specifically pleaded (2) the judgment of the trial
court is not supported by the greater weight of the credible evidence admitted at trial
and (3) the trial court erred in deciding that he and Hinderman where equally
negligent in causing the auto collision. We affirm.
Factual Background
          As Blagoev drove on the South Loop East freeway, one of his tires blew out. 
He then drove his car onto a protective median located between the traffic lanes and
an entrance ramp. While on the median, Blagoev discovered that his right, rear tire
had completely blown out. He decided to move his car to the far right shoulder lane,
which was wider and more secure. As Blagoev moved from the median, across the
entrance ramp toward the right shoulder, a car driven by Hinderman struck the rear
of Blagoev’s car. At the time of the collision, Blagoev had temporarily stopped the
car on the entrance ramp. The force of the collision lifted Blagoev’s car off of the
ground and propelled it across the entrance ramp onto the far right shoulder lane. 
Both cars were “totaled.”
          The investigating police officer issued Hinderman a ticket for failing to
maintain financial responsibility and for failing to control speed.


 After unsuccessful
settlement negotiations, Blagoev sued Hinderman and McNeil, the owner of the car
driven by Hinderman. Following a bench trial, the trial court entered a take-nothing
judgment in favor of Hinderman and McNeil. 
Contributory Negligence
          In his first issue, Blagoev argues that the trial court erred by applying a
contributory negligence theory to the case. Specifically, Blagoev contends that,
because contributory negligence is an affirmative defense, it should not have been
considered unless Hinderman and McNeil pled it.



          Without findings of fact and conclusions of law regarding liability and
damages considered by the trial court, we cannot say that the trial court considered
a theory of contributory negligence in making its findings. See Cherokee Water Co.
v. Gregg County Appraisal Dist., 801 S.W.2d 872, 876 (Tex. 1990). In this case,
nothing in the take-nothing judgment indicates that the trial court made its findings
by applying a theory of contributory negligence. See id. Accordingly, we hold that
Blagoev’s first issue is without merit.



          We overrule Blagoev’s first issue.
Factual Sufficiency
          In his second issue, Blagoev argues that the evidence is factually insufficient
to support the judgment.When a party attacks the factual sufficiency of an adverse finding on an issue
where he had the burden of proof, he must demonstrate, on appeal, that the adverse
finding is against the great weight and preponderance of the evidence. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). In reviewing a great weight and
preponderance issue, we must (1) examine the record to determine if there is some
evidence to support the finding and, if so, (2) determine, in light of the entire record,
whether the finding is so contrary to the overwhelming weight and preponderance of
the evidence as to be clearly wrong and unjust. See id. In doing so, we must “detail
the evidence relevant to the issue” and “state in what regard the contrary evidence
greatly outweighs the evidence in support of the verdict.” Id.     We must also employ
appropriate deference so that we do not substitute our judgment for that of the fact
finder. See Merckling v. Curtis, 911 S.W.2d 759, 763 (Tex. App.—Houston [1st
Dist.] 1995, writ denied). Our evaluation should not intrude upon the fact finder’s
role as the sole judge of the weight and credibility given to any witness’s testimony. 
See Transmission Exch. v. Long, 821 S.W.2d 265, 271 (Tex. App.—Houston [1st
Dist.] 1991, writ denied). Because it turns on an evaluation of credibility and
demeanor, it is within the province of the fact finder to determine what weight to give
contradictory testimonial evidence. Id. The fact finder is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none of the
testimony presented. Miller v. Kendall, 804 S.W.2d 933, 939 (Tex. App.—Houston
[1st Dist.] 1990, no writ).
          In this case, Blagoev testified that he was initially within the boundaries of the
protective median, but eventually crossed the entrance ramp to go onto the right
shoulder lane. Blagoev also explained that, at the time of the collision, he had
temporarily stopped the car on the entrance ramp. In response, Hinderman testified
that she hit Blagoev’s car from behind in an effort to avoid hitting another car. The
other car had swerved in front of Hinderman to avoid hitting Blagoev. Furthermore,
the police report acknowledged some degree of fault for Hinderman for failing to
control speed and for Blagoev for being disabled in a traffic lane.
          Having viewed all of the evidence in a neutral light, we hold that the finding
made at trial was not so contrary to the overwhelming weight and preponderance of
the evidence as to be clearly wrong and unjust. See Francis, 46 S.W.3d at 242          We overrule Blagoev’s second issue.
Causation
          In his third issue, Blagoev argues that the trial court erred in deciding that
Blagoev and Hinderman were equally negligent in causing the auto collision.Although he lists this issue in the table of contents of his brief, Blagoev does
not address the point in the body of the brief. Accordingly, because Blagoev’s brief
does not contain argument, authority, or citations to the record relevant to support this
contention, the point of error is waived. See Tex. R. App. P. 38.1(h); Franz v. Katy
Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.—Houston [1st Dist.] 2000, no pet.)
(holding that, where appellant’s brief does not contain argument, authority, or record
citations to support his argument, his argument is thereby waived).
          We overrule Blagoev’s third issue.
Conclusion 
          We affirm the judgment of the trial court.








                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.